# EXHIBIT "A"

## DELIVER THESE PAPERS TO YOUR AUTOMOBILE LIABILITY INSURANCE CARRIER IMMEDIATELY. YOUR FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.

SUPREME COURT OF THE STATE OF NEW YORK  **SUMMONS**
COUNTY OF BRONX
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KEVIN L. ARCHER,                                                    **Index No.:**

Plaintiff,
                                                                            **Date Filed:**

v.
                                                                            Plaintiff(s) designate(s)
NTF INVESTMENT GROUP 1501, LLC, CARGO          BRONX COUNTY as
SOLUTION EXPRESS, INC., and NELSON SANTOS,     the place of trial.

Defendants.                                                        The basis of venue is:
                                                                            Location of accident
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*     Interstate 95 Cross
                                                                            Bronx Expressway,
                                                                            Bronx, New York

## TO THE ABOVE NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:     New York, New York
              November 30, 2020

Yours, etc.,

**THE BARNES FIRM, P.C.**

By: _____

Jordan S. Finkelstein,
Attorneys for Plaintiff
420 Lexington Avenue
Suite 2140
New York, NY  10170
(800) 888-8888

TO:

NTF INVESTMENT GROUP 1501, LLC
14587 Valley Blvd.
Fontana, CA  92335

CARGO SOLUTION EXPRESS, INC.
14587 Valley Blvd.
Fontana, CA  92335

NELSON SANTOS
17 Austin Avenue
Somerset, NJ  08873

2

SUPREME COURT OF THE STATE
OF NEW YORK COUNTY OF BRONX
*************************************************

KEVIN L. ARCHER,

     Plaintiff,

     **COMPLAINT**

v.

NTF INVESTMENT GROUP 1501, LLC.,     **Index No.**
CARGO SOLUTION EXPRESS, INC. and
NELSON SANTOS,

     Defendants

*************************************************

Plaintiff KEVIN L. ARCHER, by plaintiff's attorneys, THE BARNES FIRM P.C., for

complaint against defendants NTF INVESTMENT GROUP 1501, LLC, CARGO

SOLUTION EXPRESS, INC., and NELSON SANTOS, allege upon information and

belief:

     1.     At all times herein relevant plaintiff KEVIN L. ARCHER, has been a

resident of the County of Bronx and State of New York.

     2.     That at all times herein relevant, defendant, NTF INVESTMENT

GROUP 1501, LLC, was a company conducting business in the State of New York.

     3.     That at all times herein relevant, defendant, NTF INVESTMENT

GROUP 1501, LLC, transacted business within the State of New York and/or contracted

anywhere to supply goods or services in the State of New York.

     4.     That at all times herein relevant, defendant, NTF INVESTMENT

GROUP 1501, LLC, committed a tortious act within the State of New York.

5.    That at all times herein relevant, defendant, NTF INVESTMENT GROUP 1501, LLC, committed a tortious act without the State of New York causing injury to person or property within the State of New York.

6.    That at all times herein relevant, defendant, NTF INVESTMENT GROUP 1501, LLC, owns, uses or possesses real property situated within the State of New York.

7.    That by virtue of the allegations above, defendant, NTF INVESTMENT GROUP 1501, LLC, is subject to the laws of the State of New York pursuant to CPLR 302.

8.    That at all times herein relevant, defendant, CARGO SOLUTION EXPRESS, INC., was a corporation conducting business in the State of New York.

9.    That at all times herein relevant, defendant, CARGO SOLUTION EXPRESS, INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

10.    That at all times herein relevant, defendant, CARGO SOLUTION EXPRESS, INC., committed a tortious act within the State of New York.

11.    That at all times herein relevant, defendant, CARGO SOLUTION EXPRESS, INC., committed a tortious act without the State of New York causing injury to person or property within the State of New York.

12.    That at all times herein relevant, defendant, CARGO SOLUTION EXPRESS, INC., owns, uses or possesses real property situated within the State of New York.

2

13. That by virtue of the allegations above, defendant, CARGO SOLUTION EXPRESS, INC., is subject to the laws of the State of New York pursuant to CPLR 302.

14. At all times herein relevant defendant NELSON SANTOS, has been a resident of the County of Somerset and State of New Jersey.

15. On or about November 2, 2018, plaintiff KEVIN L. ARCHER, was the owner of a certain 2014 BMW bearing Pennsylvania License Plate No. KNL1635.

16. On or about November 2, 2018, defendant NTF INVESTMENT GROUP 1501, LLC, was the owner of a certain 2012 International bearing California License Plate No. WF82605.

17. On or about November 2, 2018, defendant CARGO SOLUTION EXPRESS, INC., was the owner of a certain 2012 International bearing California License Plate No. WF82605.

18. On or about November 2, 2018, at approximately 12:00 p.m. plaintiff KEVIN L. ARCHER, operated the vehicle described in Paragraph 15 above.

19. On or about November 2, 2018, at approximately 12:00 p.m. defendant NELSON SANTOS, operated the vehicle described in Paragraphs 16 and 17 above with the full knowledge, permission, and consent of the owner, defendant NTF INVESTMENT GROUP 1501, LLC.

20. Under New York Law, defendant NTF INVESTMENT GROUP 1501, LLC, as owner of the motor vehicle, is responsible and liable for the negligent and/or reckless operation of their motor vehicle.

3

21. On or about November 2, 2018, at approximately 12:00 p.m. defendant NELSON SANTOS, was acting within the course and scope of his employment for defendant NTF INVESTMENT GROUP 1501, LLC.

22. On or about November 2, 2018, at approximately 12:00 p.m. defendant NELSON SANTOS, was an agent, servant, and/or employee of defendant NTF INVESTMENT GROUP 1501, LLC.

23. On or about November 2, 2018, at approximately 12:00 p.m. defendant NELSON SANTOS, operated the vehicle described in Paragraphs 16 and 17 above with the full knowledge, permission, and consent of the owner, defendant CARGO SOLUTION EXPRESS, INC.

24. Under New York Law, defendant CARGO SOLUTION EXPRESS, INC., as owner of the motor vehicle, is responsible and liable for the negligent and/or reckless operation of their motor vehicle.

25. On or about November 2, 2018, at approximately 12:00 p.m. defendant NELSON SANTOS, was acting within the course and scope of his employment for defendant CARGO SOLUTION EXPRESS, INC.

26. On or about November 2, 2018, at approximately 12:00 p.m. defendant NELSON SANTOS, was an agent, servant, and/or employee of defendant CARGO SOLUTION EXPRESS, INC.

27. On or about November 2, 2018, at approximately 12:00 p.m., defendant NELSON SANTOS, operated the vehicle described in Paragraphs 16 and 17

4

above in a westbound direction on Interstate 95 (Cross Bronx Expressway) at or near the Boston Road overpass in the County of Bronx and State of New York.

    28.    On or about November 2, 2018, at approximately 12:00 p.m. plaintiff KEVIN L. ARCHER, operated the vehicle described in Paragraph 15 above in a westbound direction on Interstate 95 (Cross Bronx Expressway) at or near the Boston Road overpass in the County of Bronx and State of New York.

    29.    On or about November 2, 2018, at approximately 12:00 p.m., the vehicle operated by defendant driver NELSON SANTOS, came into contact with the vehicle operated by plaintiff KEVIN L. ARCHER, on Interstate 95 (Cross Bronx Expressway) at or near the Boston Road overpass in the County of Bronx and State of New York.

    30.    As a result of the above referenced incident, plaintiff KEVIN L. ARCHER was injured.

    31.    The incident described in Paragraph 37 above occurred as a result of the negligence and/or recklessness of defendants NTF INVESTMENT GROUP 1501, LLC, CARGO SOLUTION EXPRESS, INC. and NELSON SANTOS, without any negligence attributable in any measure to plaintiff KEVIN L. ARCHER.

    32.    Plaintiff KEVIN L. ARCHER, has sustained a serious injury, as defined in subsection (d) of section five thousand one hundred two of the New York State Insurance Law.

5

33.    Plaintiff KEVIN L. ARCHER, has sustained economic loss greater than basic economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

34.    The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR Section 1602 applies.

35.    As a result of the negligence and/or recklessness of defendant driver NELSON SANTOS, for which defendant owners NTF INVESTMENT GROUP 1501, LLC and CARGO SOLUTION EXPRESS, INC., are liable and responsible, as alleged above, plaintiff KEVIN L. ARCHER, was injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

**WHEREFORE**, Plaintiff KEVIN L. ARCHER, demands judgment against defendants, NTF INVESTMENT GROUP 1501, LLC, CARGO SOLUTION EXPRESS, INC. and NELSON SANTOS, jointly and severally, in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts and plaintiff KEVIN L. ARCHER, demands such other, further and different relief as the Court may deem just and proper, together with the costs and disbursements of this action

DATED:    New York, New York
          November 30, 2020

Yours, etc.,

**THE BARNES FIRM, P.C.**

6

Case 1:21-cv-04002-VEC   Document 1-1   Filed 05/05/21   Page 10 of 11

By: _____

Jordan S. Finkelstein,
Attorneys for Plaintiff
420 Lexington Avenue
Suite 2140
New York, NY 10170

7

**Index No:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

KEVIN L. ARCHER,
                                    Plaintiff(s),
        -against-

NTF INVESTMENT GROUP, CARGO SOLUTION EXPRESS, INC. AND NELSON
SANTOS,
                                    Defendant(s),

---

### SUMMONS AND COMPLAINT

---

**THE BARNES FIRM, P.C.**
Attorneys for Plaintiff
Office & Post Office Address, Telephone
420 Lexington Avenue, Suite 2140
New York, New York 10170
(800) 800-0000

---

                                    Service of a copy of the within is hereby
**admitted.**
Dated:  New York, New York
        November 30, 2020

---

PLEASE TAKE NOTICE:

NOTICE OF ENTRY
that the within is a (certified) true copy of an Order
duly entered in the office of the clerk of the within named court on

NOTICE OF SETTLEMENT
that an order                           of which the within is a true copy will be
presented for settlement to the HON.            one of the judges of the
within named Court, at
on                      at              M.
Dated:

                                    Yours, etc.

                                    **THE BARNES FIRM, P.C.**
                                    Attorneys for Plaintiff
                                    420 Lexington Avenue, Suite 2140
                                    New York, New York 10170
                                    (800) 800-0000